**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-02235-CMA-KLM

DR. HAZEL JOSEPH,

      Plaintiff,

v.

NORTH COLORADO MEDICAL CENTER, INC., and
DR. GENE TULLIS,

      Defendants.

---

## ORDER REGARDING MOTION TO DISMISS

---

      This matter is before the Court on Defendants' Motion to Dismiss for Failure to Engage in Discovery (Doc. # 24), filed April 26, 2010.  On April 30, the Court ordered Plaintiff to show cause, by May 10, why the case should not be dismissed for Plaintiff's failure to engage in discovery.  (Doc. # 25.)  On May 7, 2010, Plaintiff's counsel responded.  (Doc. # 26.)  He avers that, despite his efforts to contact Plaintiff, Plaintiff "has not corresponded with the undersigned since April 9, 2010, and has offered no guidance or authority as to what the undersigned could represent on her behalf in regards to these discovery issues."  (*Id.*, ¶ 2.)

      Fed. R. Civ. P. 37 (b)(2)(v) provides that a court may impose the sanction of dismissal of a party's case for failure to comply with a court order.  Plaintiff has not shown cause why the Court should not dismiss her case, in contravention to the Court's Order.  This is not the first time Plaintiff has ignored a court order.  Magistrate Judge

Mix had previously warned Plaintiff that if she did not respond to discovery requests on or before April 19, 2010, sanctions would be assessed against her in the amount of $500.00 per day and she would recommend dismissal. (Doc. # 23.) The Court will not impose a $500.00 per day fine. It will, however, dismiss the case and award Defendants certain fees and costs.

Although dismissal is a severe sanction, here, given Plaintiff's failure to honor her discovery obligations and her disregard for court orders, dismissal is warranted. *See, e.g., Jones v. Thompson*, 996 F.2d 261, 266 (10th Cir. 1993) (court dismissed with prejudice after plaintiffs flouted numerous court orders, failed to prosecute their case, and abused the discovery process). The *Jones* court dismissed with prejudice – a sanction Defendants seek – but only after discussing the five factors first enunciated in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992).[1] Here, because Defendants neither cite these factors nor expressly apply them, the Court will not dismiss with prejudice.

Accordingly, to the extent Defendants seek dismissal, the Court GRANTS Defendants' Motion to Dismiss for Failure to Engage in Discovery (Doc. # 24). The case is DISMISSED WITHOUT PREJUDICE. Furthermore, Defendants are awarded their reasonable attorneys' fees and costs reasonably incurred in connection with

---

[1] "These factors include (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions." *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992)).

Plaintiff's failure to provide discovery and failure to appear for a deposition.  Defendants

shall file a verified motion and/or motion and affidavit with supporting documentation to

support such a request within 21 days of this order.  Finally, to the extent Defendants

seek to impose a fine upon Plaintiff, beyond fees and costs, their motion is DENIED.

DATED:  May __21__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge